# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CECILE ROBINSON,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:14-cv-2113-Orl-18DAB**

**WELLS FARGO N.A.,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**　**December 29, 2014**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and Plaintiff's Complaint be **DISMISSED** for lack of subject matter jurisdiction.

Upon an affidavit of indigency, any court of the United States may authorize a party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). However, the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court. The Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has failed to state a federal claim for relief and it is respectfully **RECOMMENDED** that Plaintiff's case be **DISMISSED.**

According to Plaintiff's Complaint filed on December 29, 2014 (Doc. 1), Plaintiff Cecile Robinson, proceeding *pro se*, asserts claims for "misrepresentation and tort-fraud" arising out of the

foreclosure of her home by Wells Fargo, N.A., which was apparently finalized in state court in July 2012.

In her Complaint to this Court, Plaintiff has only pled state law claims and has not set forth any allegations of a federal claim to support jurisdiction based on a federal question, 28 U.S.C. § 1331. Although Plaintiff mentions in passing two federal statutes[1] – the Real Estate Settlement Procedure Act and the Fair Debt Collection Practices Act –in the two-page Complaint, the title of the Complaint states that Plaintiff is suing for "MISREPRESENTATION, TORT-FRAUD" and the factual basis of her Complaint is essentially an appeal of the foreclosure on her home by Wells Fargo Bank, arguing that the bank did not have a proper assignment of the mortgage. Doc. 1 at 1. Plaintiff does not state any facts connected to the federal statutes she cites, she merely quotes the language of those statutes.

The typed portion of Plaintiff's Complaint states (errors in the original):

Comes now the Plaintiff Cecile Robinson prose, bringing this cause of action against the defendant WELLS FARGO N.A. For fraudulent actions taken by defendant to illegally foreclose upon plaintiff personal property. Plaintiff originally had an alleged mortgage with FIRST HORIZON HOME LOAN CORPORATION in about June 8, 2000. WELLS FARGO N .A. Has then claimed that they are the new assignor to the mortgage. Defendant WELLS FARGO N.A. Had then went ahead and initiated a foreclosure lawsuit on plaintiff beginning in 2011, and had gotten final summary judgment against plaintiff Cecile Robinson in July 2012. In Kiefert v. Nationstar mortgage. LLC, Fla. 1st DCA. Nationstar failed to establish that Aurora had standing to foreclose at the time Aurora filed the original complaint.

Plaintiff is charging defendant for making false, deceptive and misleading representation concerning their standing to sue the then defendant Cecile Robinson for foreclosure without proper legal standing without proper assignment. Florida Statute 701.02 under assignment states; ( 1) An assignment of a mortgage upon real property or of any interest therein, is not good or effectual in law or equity, against creditors or subsequent purchasers, for a valuable consideration, and without notice, unless the assignment is contained in a document that, in its title, indicates an assignment of mortgage and is recorded according to law. Also see Florida Statute 701.02 (2).

---

[1] Plaintiff also cites Florida Statute § 701.02.

>Defendant also violated 12 U.S.C 2605, Title 12, CHAPTER 27- Real Estate Settlement Procedure Act (a) (b) Fair Debt Collection Practice Act- always states that the creditor is attempting to collect a debt. The creditor cannot use deceptive fraudulent tactics, including claiming a debt that the alleged creditor does not own. In this case was not legally assigned to them.
>
>Plaintiff is also charging defendant for falsely representing or implying that the debt was owed by the then defendant Cecile Robinson, as an innocent purchaser for value when in fact such an assignment had not taken place. The defendant WELLS FARGO N.A. Had committed fraud upon the court by initiating a foreclosure on a mortgage under false pretense; foreclosing without the ability to obtain and record an assignment of the mortgage and note.   This court has subject matter jurisdiction. Plaintiff is seeking monetary damages, for injury inflicted by defendant in the amount of $1,000.000 or whatever the court seems appropriate.

Doc. 1 at 1-2.

>In a handwritten supplement to the Complaint, Plaintiff states:
>
>[Plaintiff] was sued on April 22, 2011 by Defendant Wells Fargo, N.A.  The defendant Wells Fargo illegally foreclosed on Plaintiff without the mortgage of Plaintiff being properly assigned to Defendant by previous creditor First Horizon Home Loan Corp.  This foreclosure was illegal because Defendant Wells Fargo N.A. did not have standing to foreclose.  Therefore Plaintiff is seeking monetary damages from Defendant for the harm suffered by Plaintiff.  The defendant Wells Fargo has being [sic] caught with dirty hands. This court has subject matter jurisdiction over fraud.  Plaintiff prays this court awards monetary damage to Plaintiff in Tort-Property.

Doc. 1 at 4.

Plaintiff must allege a case or controversy that is within the subject matter jurisdiction of the federal courts. The United States District Court "has no authority to review final judgments of a state court in judicial proceedings.   Review of such judgments may be had only in [the United States Supreme Court]."   *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923).   To the extent Plaintiff raises claims regarding the way her mortgage was assigned to Wells Fargo Bank before it was foreclosed in state court, those issues should have been raised in the state court in the foreclosure suit, and this Court does not have jurisdiction to review state court decisions.  *See, e.g., Casault v. U.S. Bank, N.A.*, Case

No. 6:14-cv-135-18DAB (August 27, 2014) (Sharp, J.) (holding that, in light of the final judgment of foreclosure of the mortgage issued by the state circuit court, the federal court lacked subject matter jurisdiction to consider the federal plaintiff's declaratory judgment claims concerning the allegedly "void" assignment of the note and mortgage of the foreclosed property under the *Rooker-Feldman* doctrine); *Aboyade-Cole Bey v. BankAtlantic*, No. 6:09-cv-1572, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding that plaintiffs case was, "at its core," an attempt to appeal the state court decision permitting foreclose of mortgage on plaintiffs home, and holding that the court did not have subject matter jurisdiction to hear plaintiffs case under the *Rooker-Feldman* doctrine). Plaintiff has not sufficiently raised a federal issue that can be heard in this Court.

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 7, 2015.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy